IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ANTHONY J. FAILS,**
  **Petitioner,**

**vs.**            **Case No. 3:10cv403/MCR/MD**

**UNITED STATES,**
  **Respondent.**

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. Petitioner initiated this action on October 13, 2010, by filing of a petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1).[1] The petition was not accompanied by the filing fee or a motion to proceed *in forma pauperis*. Accordingly, on October 27, 2010, this court entered an order (doc. 3) requiring petitioner to submit, within twenty-eight days, the $5.00 filing fee or a complete application to proceed *in forma pauperis*. Petitioner was advised that a complete application includes a motion with supporting affidavit, a prisoner consent form and a financial certificate with account attachments (a printout of the transactions in petitioner's inmate trust account for the six-month period immediately preceding the filing of his petition). Petitioner was provided the appropriate forms for filing his application, and he was warned that failure to comply with the order would result in dismissal of his case.

Petitioner responded by filing a motion to proceed *in forma pauperis* accompanied by a supporting affidavit and consent form (doc. 5); however,

---

[1] Petitioner later filed an amended petition (doc. 4).

petitioner failed to include a copy of his inmate trust account statement. Therefore, on November 19, 2010, the court entered an order (doc. 6) directing petitioner to submit, within fourteen days, the $5.00 filing fee or a printout of the transactions in his inmate trust account for the period April 9, 2010 to October 9, 2010. Petitioner was warned that failure to comply with the order as instructed would result in a recommendation that this case be dismissed.

Petitioner did not respond to the order. Accordingly, on December 20, 2010 the court issued an order (doc. 7) directing petitioner to show cause why this case should not be dismissed for his failure to comply with an order of the court. Petitioner responded (doc. 8), indicating that he could not access the requisite form for requesting a copy of his inmate account statement because he is "pending CM status." He requested an unspecified extension of time in which to provide the printout.

In an order issued December 30, 2010 (doc. 9), this court noted that petitioner is a frequent litigator in this court[2] and was therefore well aware, at the time he initiated this action, that this court requires all petitions or complaints to be accompanied by the filing fee or a complete application to proceed *in forma pauperis*. *See* N.D. Fla. Loc. R. 5.1(H). Petitioner was also aware of the requirements for a complete IFP application. Instead of fulfilling these requirements, petitioner ignored his financial obligation and, even after he was provided the requisite financial certificate form to be signed and completed by a prison official with inclusion of the necessary account statement, petitioner chose <u>not</u> to submit the form to a prison official but to instead sign it himself and file it without the required account statement. The court found it disingenuous for petitioner to then complain

---

[2] *See* Case Numbers 3:08cv415; 3:08cv520; 3:08cv522; 3:08cv535; 3:08cv536; 3:09cv7; 3:09cv15; 3:09cv33; 3:09cv525; 3:10cv400; 3:10cv401; 3:10cv402; 4:08cv471; 4:08cv537; 4:08cv573; 4:08cv582; 1:09cv19. All of these cases may be identified as having been filed by petitioner because they bear his DOC number, 201484.

*Case No: 3:10cv403/MCR/MD*

that he was unable to obtain a printout because he did not have access to the necessary form.

Nonetheless, the court granted petitioner's request for an extension of time and gave him an additional twenty-eight days in which to comply with the court's November 19, 2010 order. Petitioner was explicitly warned that failure to do so would result in a recommendation, without further notice, that this case be dismissed. (Doc. 9).

Over twenty-eight days have passed, and petitioner still has not submitted a copy of his account statement in compliance with the court's orders.

Accordingly, it is respectfully RECOMMENDED:

1. That petitioner's motion to proceed *in forma pauperis* (doc. 5) be DENIED.

2. That this case be DISMISSED WITHOUT PREJUDICE for petitioner's failure to comply with an order of the court.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this <u>11th</u> day of February, 2011.

<u>/s/ Elizabeth M. Timothy</u>
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).